UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIKO S. PATTON,<br><br>          Plaintiff,<br><br>     v.<br><br>LOUIS DeJOY,<br><br>          Defendant. | Case No.  2:23-cv-00048-DJC-JDP (PS)<br><br>**ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM, GRANTING LEAVE TO AMEND, AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff, proceeding *pro se*, brings this action against Postmaster General Louis DeJoy and appeals an unfavorable administrative law decision by the Equal Opportunity Commission. ECF No. 1 at 7-21.  I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20       **II.**     **Analysis**

21       The majority of the complaint consists of an attached administrative law decision. ECF
22 No. 1 at 7-21. Plaintiff, however, neither provides her own allegations and recitation of the facts,
23 nor does she identify the parts of the decision with which she disagrees. Instead, she merely
24 states that she was repeatedly harassed and bullied, which required her to take six months off
25 from work. *Id*. at 5. These allegations are too vague and conclusory to apprise defendant of the
26 specific claims she is attempting to assert and the factual basis for her claims. *See Jones v. Cmty.*
27 *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some
28 degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

And without plaintiff's own allegations and recitation of the facts, I cannot identify the parts of the administrative decision with which she disagrees. Thus, the complaint cannot proceed as written.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by his current complaint. If she selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    March 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE