UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIKO S. PATTON,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUIS DeJOY,<br><br>    Defendant. | Case No. 2:23-cv-0048-DJC-JDP (PS)<br><br>ORDER |

Plaintiff, proceeding pro se, brings this action against Postmaster General Louis DeJoy for employment discrimination. Plaintiff's first amended complaint, however, has failed to state a claim. I will grant plaintiff a final opportunity to amend her complaint before recommending that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1     A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges in her first amended complaint that she was bullied and harassed by her manager at the U.S. Postal Service during the COVID-19 pandemic. ECF No. 5 at 3. She claims that her manager threatened her with removal from her job, even though she followed the manager's exact instructions. *Id.*

Attached to the complaint is plaintiff's EEO Investigative Affidavit, dated January 26, 2021. She claims that her affidavit details the abuse and harassment that she faced from her manager. *Id.* at 7. The affidavit centers on a phone call she received from a John Diperi, a district manager for a U.S. Postal Office in Arizona, and an email she received from Claudia Munoz, a manager of small business development for the U.S. Postal Service. *Id.* at 10, 17.

With respect to the first issue, plaintiff attests that Diperi called her office on August 17,

2

1    2020, to arrange congressional tours, but, because her manager, a John Hyatt, had previously
2    instructed her not schedule such tours, she declined to assist him. *Id.* at 10. Plaintiff states that,
3    after she declined Diperi's request, "he became irate, raised his voice and hung up the phone in
4    [her] face." *Id.* at 11-12. Afterwards, plaintiff immediately sent an email accounting the
5    conversation to her manager, Hyatt. *Id.* at 13. Plaintiff did not get a response from Hyatt, *id.* at
6    14, but she later received a warning letter from Hyatt on September 22, 2020, stating that she had
7    failed to discharge her duties during the Diperi incident, *id.* at 15.
8        Plaintiff claims that she also faced discrimination from Munoz on August 19, 2020. *Id.* at
9    17. On that date, plaintiff received an email from a customer to which she was unsure how to
10   respond, and so she asked her supervisor, Hyatt, how best to proceed. *Id.* Her email eventually
11   reached Munoz, who berated and scolded her for looping in Hyatt on her question. Hyatt also
12   listed this incident in the letter of warning that he issued plaintiff. *Id.* at 23.
13       In 1972, Congress amended Title VII of the Civil Rights Act of 1964 to extend its
14   coverage to federal employees. As amended, § 717 of the Civil Rights Act, codified at 42 U.S.C.
15   § 2000e-16, "provides that all personnel actions affecting federal employees and applicants for
16   federal employment shall be made free from any discrimination based on race, color, religion,
17   sex, or national origin," and "establishes an administrative and judicial enforcement system."
18   *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-30 (1976) (internal quotation marks omitted).
19   As *Brown* explained, Title VII "permits an aggrieved [federal] employee to file a civil action in a
20   federal district court," but first, as a "precondition[ ]" to filing, "the complainant must seek relief
21   in the agency that has allegedly discriminated against him." *Id.* at 832; *see also* 42 U.S.C.
22   § 2000e-16(c).
23       In order to complete the exhaustion process, a claimant must "consult a Counselor prior to
24   filing a[n EEO] complaint in order to try to informally resolve the matter." *Id.* (quoting 29 C.F.R.
25   § 1614.105(a)). The claimant "must initiate contact with a Counselor within 45 days of the date
26   of the matter alleged to be discriminatory." *Id.* (quoting 29 C.F.R. § 1614.105(a)(1)). While this
27   pre-filing exhaustion requirement is not a "jurisdictional prerequisite for suit in federal court,"
28   failure to comply with it is nonetheless "'fatal to a federal employee's discrimination claim' in

3

1   federal Court." *Id.* (citing *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)).

2   Plaintiff did seek administrative relief by filing a formal EEO complaint with the U.S. Postal Service. But she did not file her EEO complaint within forty-five days of each alleged discriminatory event. Accordingly, plaintiff's claims may be barred.[1] She claims that the discriminatory events transpired on August 17, 2020, and August 19, 2020. Yet her EEO complaint was not filed until January 26, 2021. Because plaintiff may be able to argue that waiver, estoppel, or equitable tolling excuses her compliance with § 1614.105, the court will grant her another opportunity to amend.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, ECF No. 5, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

---

[1] Plaintiff may also face another procedural bar: It appears she did not timely file this action. A claimant who has filed a timely EEO complaint alleging employment discrimination by a federal agency is authorized to file a civil action in a district court: (1) "[w]ithin 90 days of receipt of the final action on . . . [the] complaint if no appeal has been filed," or (2) "[w]ithin 90 days of receipt of the [EEOC's] final decision on an appeal." 29 C.F.R. § 1614.407. Failure to file the civil action within one of the prescribed periods will render the action untimely. *Gheith v. Harvey*, 234 F. App'x 604, 604 (9th Cir. June 14, 2007). Plaintiff attached to her initial complaint a copy of the EEOC's final decision, dated April 6, 2022. ECF No. 1 at 23. But plaintiff did not initiate this action until January 10, 2023.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   March 6, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE