UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEIKO S. PATTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUG TULINO,<br><br>    Defendant. | Case No. 2:23-cv-0048-DJC-JDP (PS)<br><br>ORDER |

Plaintiff, proceeding pro se, brings this action against Postmaster General Louis DeJoy for employment discrimination.[1] Plaintiff's second amended complaint, however, has failed to state a claim. In light of plaintiff's pro se status, I will permit plaintiff one final opportunity to amend. Should her third amended complaint fail to cure the deficiencies herein noted, I will recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] Defendant DeJoy was automatically substituted for Doug Tulino under Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions will not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                              **Allegations**

21 Plaintiff brings this action against the Acting Postmaster General alleging discrimination,
22 retaliation, and a hostile work environment that she faced while employed by the U.S. Postal
23 Service ("USPS").  ECF No. 7 at 14-17.  Plaintiff alleges that the discriminatory events transpired
24 on August 17, 19 and September 21, 2020.  *Id.* at 7.  Plaintiff filed a formal EEO complaint, and
25 the EEOC issued its final decision on April 6, 2022.[2]  *Id.* at 8.  According to the complaint, all

---

26    [2] Plaintiff explains that this lawsuit, filed January 10, 2023, falls within the 90-day
27 deadline prescribed by statute because she did not receive the EECO's final decision on April 6,
   2022. *Id.* at 8-9.  While I expressed concern about this possible procedural deficiency in the prior
28 screening order, I will accept plaintiff's representation that she timely filed this action.

1 administrative remedies have been exhausted. *Id.* at 9.

2      Plaintiff identifies as an African American woman over the age of forty who practices Christianity. *Id.* She was employed by USPS as a Strategic Communications Specialist, which required her to respond to media inquiries, coordinate with different USPS departments, and follow protocols established by her supervisors. *Id.*

     Plaintiff alleges that on August 17, 2020, she received a phone call from John DiPeri, a district manager from Arizona, asking that she arrange a congressional tour. *Id.* at 10. Plaintiff attempted to tell DiPeri that she was not the right person to arrange such a tour and tried to transfer his call to the appropriate department, but before she could do so, he said to her in a demeaning manner "so you're not going to help?" *Id.* Plaintiff perceived his manner of speaking "as if he was speaking to a slave on his plantation." *Id.* Following this interaction, plaintiff documented the call by emailing her supervisor, John Hyatt. *Id.* Plaintiff explains that her attempt to transfer the call to a different department was consistent with her supervisor's instructions. *Id.*

     On August 19, 2020, plaintiff received an email from Claudia Munoz asking that plaintiff handle a matter outside of her job responsibilities. *Id.* at 11. Plaintiff responded that this request was outside of her job duties and asked Munoz to forward the matter to the appropriate department. *Id.* Plaintiff received a response from Munoz that she perceived as "intimidating and bully[ing]." *Id.* Plaintiff again spoke with her manager, Hyatt, about the situation. Hyatt asked that plaintiff assist Munoz, despite his prior instructions to the contrary. *Id.*

     On August 28, 2020, plaintiff received a notice that she was to attend an in-person investigation interview because DiPeri had lodged a complaint against her based on the August 17 phone call. *Id.* at 11. Plaintiff did not attend the interview because she was scheduled for remote work that day and was ill. *Id.* Hyatt rescheduled the meeting for the following week.[3] *Id.*

     On September 21, 2020, Hyatt issued plaintiff a letter of warning, claiming that she failed to discharge her assigned duties and that her performance was unacceptable. *Id.* at 12. In

---

[3] The complaint does not state whether plaintiff attended the rescheduled interview.

3

1 response, plaintiff filed an EEO Notice of Right to File on December 1, 2020. *Id.*

2 Plaintiff also includes allegations of Hyatt's beratement of her for forwarding him an email outside regular business hours and attests to her frustration with receiving birthday-related communications from USPS (the celebration of birthdays violates her religion). *Id.* at 12-13.

**Analysis**

In 1972, Congress amended Title VII of the Civil Rights Act of 1964 to extend its coverage to federal employees. As amended, § 717 of the Civil Rights Act, codified at 42 U.S.C. § 2000e-16, "provides that all personnel actions affecting federal employees and applicants for federal employment shall be made free from any discrimination based on race, color, religion, sex, or national origin," and "establishes an administrative and judicial enforcement system." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-30 (1976) (internal quotation marks omitted).

*Discrimination*

To establish a prima facie case of racial discrimination under Title VII, plaintiff must allege that she: "(1) . . .belongs to a class of persons protected by Title VII; (2) . . . performed . . . her job satisfactorily; (3) . . . suffered an adverse employment action; and (4) . . . [was] treated . . . differently than a similarly situated employee who does not belong to the same protected class as . . . plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). The complaint contains allegations that plaintiff belongs to a protected class, preformed her job satisfactorily, and that she suffered adverse employment action, but it contains no factual allegations that plaintiff was treated differently than a similarly situation employee who does not belong to plaintiff's protected class.[4] This claim is dismissed.

To establish a prima facie case of religious discrimination, a plaintiff must allege facts that plausibly demonstrate that: (1) she holds a "bona fide religious belief, the practice of which conflicted with an employment duty; (2) [s]he informed the employer of that belief and conflict; and (3) the employer threatened the employee with or subjected [he]r to discriminatory treatment,

---

[4] The complaint states, "[t]he lack of similar disciplinary actions against white employees in similar situations." ECF No. 7 at 15. This conclusory statement, without any factual allegation, cannot establish the third element.

4

including discharge, because of an inability to fulfill the job requirements." *E.E.O.C. v. AutoNation USA Corp.*, 52 F. App'x 327, 329 (9th Cir. 2002). The complaint does not contain allegations to satisfy the third element. Indeed, plaintiff has not alleged that defendant discriminated against her or threatened to discriminate against her because she asked not to receive birthday related emails. The complaint also does not allege facts sufficient to satisfy the second element. Plaintiff has not explained how her religious beliefs conflict with her employment duties. Accordingly, this claim is dismissed.

*Retaliation*

To establish a prima facie case of retaliation under Title VII, a plaintiff "must establish that [s]he took a protected activity under Title VII, [her] employer subjected [her] to an adverse employment action, and there is a causal link between those two events." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). This claim too fails and is dismissed. While filing an EEO complaint constitutes a protected activity, *see Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), plaintiff alleges that she filed her EEO complaint in December 2020, *after* the alleged discrimination, which occurred in August and September 2020. "An alleged adverse action which predates the alleged protected activity cannot serve as the basis for a retaliation claim." *Brown v. Jewell*, 2017 WL 772140, at *2 (E.D. Cal. Feb. 28, 2017), *aff'd sub nom. Brown v. Zinke*, 741 F. App'x 413 (9th Cir. 2018); *see also Alhozbur v. McHugh*, 2011 WL 13243131, at *8 (N.D. Cal. July 21, 2011) ("Retaliation cannot be shown where the protected activity took place after the alleged retaliatory action had already been set in motion"); *Castillo v. Dominguez*, 120 F. App'x 54, 57 (9th Cir. 2005) (a plaintiff must show "that [ ]he acted to protect h[is] Title VII rights, that an adverse employment action was thereafter taken against h[im], and that a causal link exists between those two events.") (citation and quotation marks omitted).

*Hostile Work Environment*

In order to prevail on a Title VII hostile work environment claim for race, a plaintiff must show that: (1) she was subjected to verbal or physical conduct because of race; (2) this conduct was unwelcome; and (3) this conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Manatt v. Bank of Am., NA*, 339

1  F.3d 792, 798 (9th Cir. 2003); *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir.
2  2001). "To prevail on a hostile work environment racial claim, the plaintiff must show that her
3  work environment was both subjectively and objectively hostile; that is, she must show that she
4  perceived her work environment to be hostile, and that a reasonable person in her position would
5  perceive it to be so." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir.
6  2005).

7      Plaintiff alleges that she faced harassment based on her "race, color, sex, religion, and
8  age." ECF No. 7 at 16. As an initial matter, plaintiff has raised no factual allegations that would
9  give rise to any inference about her age or sex.[5] Her complaint centers around perceived
10 unwelcomeness due to her race, however there is no allegation that plaintiff was subjected to
11 unwelcome conduct because of her race. Plaintiff alleges that DiPeri spoke with her in a "racially
12 charged manner" and "as if he was speaking to a slave on his planation." *Id.* at 8; 16. Yet, these
13 allegations reflect *plaintiff's* feelings. The complaint contains no factual allegations that DiPeri—
14 nor anyone else—made comments based on her race. This claim is dismissed.

**Conclusion**

16     If plaintiff decides to file an amended complaint, the amended complaint will supersede
17 the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en
18 banc). This means that the amended complaint will need to be complete on its face without
19 reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
20 filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
21 as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
22 involvement in sufficient detail. The amended complaint should be titled "Third Amended
23 Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
24 complaint, I will recommend that this action be dismissed.

25     Accordingly, it is ORDERED that:

26     1. Plaintiff's second amended complaint, ECF No. 7, is DISMISSED with leave to

---

[5] As noted above, plaintiff's claim regarding religious discrimination is unfounded.

amend.

      2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

      3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

      4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    April 14, 2025                                              
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE