1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MEIKO S. PATTON,                          Case No.  2:23-cv-0048-DJC-JDP (PS)

12                    Plaintiff,

13            v.                                 ORDER

14    DOUG TULINO,

15                    Defendant.

16

17

18          Plaintiff brings this action against Postmaster General Doug Tulino for employment

19    discrimination.[1]  The third amended complaint's allegations are, for screening purposes, sufficient

20    to state potentially cognizable claims, and I will therefore direct service.

21                        **Screening and Pleading Requirements**

22          A federal court must screen the complaint of any claimant seeking permission to proceed

23    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

24    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

25    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

26    relief.  *Id.*

27    _____

28          [1] Defendant Louis DeJoy was automatically substituted in for Doug Tulino under Federal
      Rule of Civil Procedure 25(d).

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

4  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

5  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

6  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

7  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

9  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11    The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

19    Plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964 when

20  plaintiff faced discrimination, harassment, and a hostile work environment while working at the

21  United States Postal Service. ECF No. 9. For purposes of screening, I find that the third

22  amended complaint states potentially cognizable claims.

23    Accordingly, it is hereby ORDERED that:

24    1. Service is appropriate on defendant Doug Tulino.

25    2. The Clerk of the Court is directed to issue process and to send plaintiff an instruction

26  sheet for service of process by the United States Marshal, one USM-285 form, a summons form,

27  and an endorsed copy of plaintiff's complaint filed April 23, 2025. ECF No. 9.

28    3. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all

information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

        a. One completed summons;

        b. One completed USM-285 form;

        c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

        d. One copy of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    May 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3